1
2
**KISSINGER N. SIBANDA, Attorney at Law**
**Law Offices of Kissinger N. Sibanda Esq**
3
PO Box 714
Livingston, NJ 07039
4
Kissinger N. Sibanda, Atty. ID #1017426
5
Admitted 2nd Cir.
ksibanda@temple.edu
6
Telephone: 973-689-5952
7
Attorney for PLAINTIFF
8
(*Pro Hac Vice Motion Forthcoming*)

9

## United States District Court

10

## Southern District Of New York

11

12 | ERIC ANDREWS,
13
14 |    *PLAINTIFF*,
15
16 |  v.
17 | BARNES AND NOBLE
 INCORPORATED,
18 |    *DEFENDANT*.

COMPLAINT

**EMPLOYMENT DISCRIMINATION**

**DEMAND FOR JURY TRIAL**

 **1. 42 U.S.C. § 1981**

- 1 -

Plaintiff ERIC ANDREWS avers as follows:

(a)   **PRELIMINARY STATMENT**

Defendant, Barnes and Noble Inc has discriminated against Plaintiff in the formation of an employment contract on the basis of his race, in violation of 42 U.S.C. § 1981:

1. Plaintiff brings this action seeking to claim injury from employment discrimination based on race arising from an action under 42 U.S.C. §1981 (a).

2. PLAINTIFF ERIC ANDREWS is a United States Citizen born in the Detroit, Michigan on March 22, 1963. His race group is African American or black.

3. Mr. Andrews holds a Bachelor in Fine Art (BFA) from Parsons School of Design (1999).

   Various Barnes and Noble Store employment:

4. Beginning 1984, Mr. Andrews worked at various Barnes and Nobles. Starting with the Barnes and Noble on 105 Fifth Ave, 18th and Fifth Ave, the flagship until 2001. Mr. Andrews started off part-time and ended full time.

- 2 -

4. Mr. Andrews was employed at Barnes Noble on 18<u>th</u> and <u>Fifth Ave</u> until 2001.

5. In 2002 Mr. Andrews returned to Barnes & Noble in Hoboken at the salary $7.25 as part time sales associate. In 2010, the Barnes and Noble store at <u>Hoboken</u> was closed and Mr. Andrews was transferred to the <u>Livingston Store</u>, as a Merchandise manager.

## (b)   <u>DISCRIMINATION</u>

6. 42 U.S.C section 1981 (a) states that:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." Here, defendant has discriminated against Mr. Andrews in the formation of an employment contract on the basis of race in violation of 42 U.S.C. § 1981. Mr. Andrews avers that he is a direct victim and a witness to the following discrimination:

7.  In 2010, Mr. Andrews, was hired at the Livingston Store.

8.  In 2010 he was written up by Michael Fournarakis, (<u>First write up</u>) for security lapse. Here Mr. Andres was accused of living an unlocked door unguarded ehilre receiving shipment of books Mr. Andrews was never told that this was the procedure as it had been done this way in Hoboken.

9.  In summer of 2010 he was written-up, <u>Second Write-Up</u>, by Mr. Fournarakis, for gossiping along side Roger. The third person was never written up DJ Moynihann. Gossiping was not prohibited on any company materials nor was Mr. Andrews ever told that he could not speak about other employees before then.

10.  In July 2010, Mr. Fournarakis wrote-up Mr. Andrews (<u>Third-Write-up</u>), for being off the sales floor when the closing announcement was made.

11.  During his time in the <u>New York</u> and <u>Hoboken Stores</u>, a total of 26 years Mr. Andrews was never <u>written up</u>.

- 4 -

12.  In August 5th, 2010, Mr. Andrews was written up for opening a receiving door, <u>Forth Write-Up</u>, without a manager present, even though he was a manager. This requirement was never communicated to Mr. Andrews as a manager.

13.  In October 4th, 2010 he was written up yet again for poor time management, Fifth Write-up, for failure to complete a task. Putting out a display of books. Mr. Andrews in his defense, did not put the display because he was supervising the whole store while the actual manager was in his office.

14.  This was the <u>Fifth write-up</u> by the same manager Fournarakis.

15.  In October 8th, 2010, received a verbal counselling by Mr. Fournarakis for failure to ensure the store's displays were properly maimed without warning.

Case 1:19-cv-01710-DAB   Document 4   Filed 02/25/19   Page 6 of 15

16.  Mr. Andrews further avers that these petty write-ups, a sustained for of racial discrimination, were designed to make him voluntarily quit because of his race.

17.  In October 11th, 2010, <u>Sixth Write-up</u>, Mr. Andrews was again given a verbal counselling by the same manager for not paying attention to a store process.

18.  In November 4TH, 2010 he was written up for failure to prioritize.

19.  Mr. Andrews was written for a total of ten times for petty offences.

## **DEMOTION**

20.  In November 2015, Mr. Andrews was demoted at the Livingston Store to Head Cashier by Manager Fournarakis.

21.  In total Mr. Andrews was written up a total ten times for petty on the job decisions as a manager.

22.  Based on Mr. Andrews's observation, the frivolous unwarranted write-ups, and several conversations with

- 6 -

fellow employees Mr. Andrews released he was been

discriminated against because other co-workers constantly

did terminable offenses but retained their jobs including

dating at work, which is against the company policy.

23.  During this time, in 2015, a Caucasian, David Snowden,

an employee at the <u>Livingston Barnes and Noble Store</u> had

a conversation with Mr. Andrews in which he said, "*I think

you are being discriminated against.*"

24.  In general, Caucasian's held all managerial positions, at

the Livingston Store and African Americans were never

promoted to such positions despite dedication and

qualifications. During Mr. Andrews' employment at Barnes

and Noble Livingston, only once did he see a black manager

and that was a man hired as the Café manager.

25.  There is a marked salary gab between African Americans

and Caucasians who had entered into the system not as

book sellers but as managers even when performing the

duties of book sellers.

## SATISFACTORY WORK

26.  Mr. Andrews was employed at Barnes and Noble Inc. for

32 years, from 1984-2016 and his lengthy time of

employment reflects his high standard of work ethic and

professionalism. A standard by which in 1992 he was

promoted to Department Manager (Fifth Ave. Store); in

addition, Mr. Andrews has received numerous

commendations in person from Barnes and Noble shoppers.

## **INJURY**

27.  This compliant seeks to address the totality of Mr.

Andrew's rights for employment free from discrimination

and humiliation regardless of a non-jury opinion by the

EEOC; and to address this injury to a jury pursuant to the

Seventh Amendment.

28.  Notable, during administrative proceedings Mr. McGovan with the EEOC, asked for more information on Mr. Andrew's case with Barnes and Noble Inc. This request for further discovery was refused by Barnes and Noble Inc.

## REVENGE TERMINATION

29. After the EEOC decision was rendered, in July, 2016, Mr. Andrews was fired from the Livingston Barnes and Noble store, after 32 years of employment, for unsatisfactory work by Meetra Finngan.

## DISPARATE TREATMENT

30. Mr. Andrews observed constant practice of <u>intentional</u> unequal treatment of Caucasian employees who were never, written up or fired for worse conduct.

## (c) JURISDICTION AND VENUE

33. This Court has subject matter jurisdiction over this civil rights action pursuant to 28 U.S.C. §§ 1331, 1338 (a) and 1338 (b), and under its supplemental jurisdiction because this raises a question of federal law.

34. This Court has personal jurisdiction over Defendant because their corporate office and place of business is in New York City.

35. Venue is proper in this district under and 1400(a) because defendant has continuous business contacts under 28 U.S.C. §§ 1391(d).

34. Plaintiff lives in New Jersey and within 100 miles of district.

35. The statute of limitations, of four years, from the day of incident, July 2016 has not expired under *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004).

## (d) PARTIES

37. PLAINTIFF ERIC ANDREWS is a U.S. citizen who has resides in Jersey City, New Jersey.

38. BARNES AND NOBLE INC., is a business with several outlets in City of New York.

## FIRST CAUSE OF ACTION
### (Unlawful Employment Practices)

(By plaintiff Against Defendants)

39. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 15, inclusive.

40. **UNLAWFUL EMPLOYMENT PRACTICES**

(42 U.S.C. § 1981)

(a) Employer practices:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other:

41. Through their policy, practice and conduct defendant, Barnes and Noble Inc, acted in violation of Section 1982 to discriminate against Mr. Andrews during his employment, through a conduct of disparate, unfair, improper and humiliating treatment towards him. Such conduct caused loss of employment, emotional pain and suffering.

## SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

42. Plaintiff incorporated paragraphs 27-41 and includes breach of material condition in employment contract for employment free from racial discrimination. As an implied condition – reasonable payment commensurate with experience, education and training. At close of Mr.

Andrews employment Mr. Andrews was earning $12. A mere $4.75 increase from his salary of 32 years ago, $7.25.

### (THIRD CAUSE OF ACTION)

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Through defendant's actions. Mr. Andrews's health has deteriorated, and he now suffers from various ailments induced by stress.

### (e) CLAIM

44. At all times when incidents happened to Mr. Andrews supervisors and managers acted within the scope of Barnes and Noble Inc policies, practices and direction whether as directed or as condoned.

45. Causes of action in noth discriminatory practices are reflected by defendant's pay structure, management hierarchy and general disparate treatment between Caucasian and African American employees. In addition to a work environment which humiliated him.

46. As a direct and proximate result of foregoing acts and conduct of defendant – Barnes and Noble Inc., employment practices. A

<u>practice</u> reflected by a culture of disparate treatment.  Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law including but not limited to emotional pain and suffering, lost wages and public humiliation from the <u>practice</u> of racial preferential treatment at Barnes and Noble Inc.

47. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

    i.      For damages in such amount as may be found, or as otherwise permitted by law. Not limited to pain and suffering from working in an environment that dehumanized him as an African American employee.

    ii.     For plaintiff's attorney's fees, costs, and disbursement in this action pursuant to 42 U.S.C. § 1988 and other relevant statutes; and

    iii.    For such other and further relief as the court may deem just and proper.

February 23th, 2019

*/s/ Kissinger N. Sibanda*

By: ___/Kissinger N. Sibanda/_____
LL.B(Hons); LL.M (Trial); LL.M (State).
Attorney for Mr. Eric Andrews

## **DEMAND FOR JURY TRIAL**

PLAINTIFF Eric Andrews demands a trial by jury.

Date: February 23, 2019

*/s/ Kissinger N. Sibanda*
Attorney for Eric Andrews

By: __/Kissinger N. Sibanda/_____
KISSINGER N. SIBANDA Esq

Attorney for Eric Andrews

- 14 -

# **PROOF OF SERVICE:**

On February 23rd, 2019 Attorney Kissinger N. Sibanda severed

defendant Barnes and Noble this complaint with summons by certified

mail to business address:


Barnes and Noble Inc.,
122 5th Avenue
Seventh Floor
New York, NY
10011


C/O General Counsel                    /s/ Kissinger N. Sibanda Esq
Brad Feuer                             _____

                                           KISSINGER N. SIBANDA
                                         Attorney for ERIC ANDREWS